Okay, I'd like for the attorneys who are representing the parties to step up to the podium. I want you to tell the court your name, who you represent, and approximately how much time you need. Good morning, counsel. Good morning, your honors. I am Arthur Data, D-A-T-A. I represent the, this is long, Plaintiff Counter Defendant Slash Appellants Lizette Milton and Antoine Strong. Okay, very good. How much time will you need? I'd like 15 minutes and to reserve 5 minutes for rebuttal. Okay, very good. Good morning, counsel. Good morning. My name is Arthur Rosenson. I represent the Defendant Counter Plaintiff Appellee Burama Therra. How much time will you take me for your argument? 15 minutes. Very good, counsel. Why don't you be seated and let's let Mr. Data proceed with his argument. Thank you, your honors, and may it please the court. I would like to first begin on the issue of jurisdiction over the claim for lost profits under the Forcible Entry and Detainer Act. As always, when we first look at a statute, the first rule is to read the statute. And the statute makes it very clear that only matters germane to the issue of possession, which would also involve rent, can be brought as a counterclaim, a defense, or otherwise. Did the Crown Court ever rule on your motion to dismiss the counterclaim? The judge, Judge Scryde, never formally ruled. It was addressed, as the record reflects, in the court appearance before trial. I requested a ruling on the motion to dismiss, and Judge Scryde simply said... I believe it's Scrid. Scrid, sorry. I apologize, your honor. Judge Scryde stated that he would just hear all claims at trial. As for the matter of jurisdiction, only matters, again, as I said, only matters that are germane to the issue of possession, which include rent, can be brought under the statute. And also, because this is a statute that's by derogation of the common law, it must be strictly compliant with. And it will not involve matters that the legislature did not contemplate to be brought under the act. I submit that a claim for lost profits is not germane to the issue of possession or rent, and that because it's not germane, and because the legislature did not contemplate such a matter, that it is improper to be brought under the Forcible Entry and Detainer Act as a counterclaim. Well, it certainly seems like your clients were intent upon preventing the tenant any access to these premises, to the point of changing the locks a couple of times, and removing their property, and undertaking major construction. I mean, did your clients make the issue of lost profits germane to this proceeding? I would submit that they did not make it germane, because I would submit that as putting the cart before the horse, because the issue itself is not dependent, sorry, the issue itself, which is lost profits, is still not germane to the issue of possession. Were the defendants entitled to possession? Yes, they were. Okay, you are admitting that. Yes, yes, they were entitled to possession. Pursuant to the 10-year lease? Pursuant to the 3-year lease, which we submit, which is also, which goes into my second issue, which concerns the manifest weight of the evidence at trial. At trial, we submitted, we had a witness by the name of Laetitia Jenkins. She was the prior owner? She was one owner removed. The bank foreclosed on her, and the bank then sold the property to Ms. Milton and Strong. But she's the person who entered into the lease with the defendant? Yes, it is our position that she entered into a 3-year lease with a defendant, or with a fata moda traore. The lease that, the 10-year lease, we have argued, is a forged lease, and there is clear evidence that the lease was forged. Primarily the fact that, one, the handwriting is different, and two, the defendant's, sorry, Ms. Jenkins' name is spelled incorrectly on the lease, which is in multiple places, which is incredibly bizarre. But the 10-year lease indicates that the rent is $425 per month, and the lease that you're talking, the other lease says it's $900, but all the receipts were for $425. Is that correct? That is correct. But you maintain that the 10-year lease was a forged? Correct. The way the names are spelled on the 10-year lease and the handwriting show that the lease was not correctly entered into. It was effectively a forged. But they originally entered into the lease in 2000, and for that entire time period, he was paying $425 a month, correct? That's correct. We said that that was a partial payment at the time. He made a lot of partial payments. Yes. In your stipulated statement of facts, is there any testimony from the former owner that she communicated with Mr. Thera about the partial payments he was making? I do not believe so, no, Your Honor. And this leads into our third issue, which is the due process issue concerning the rule-to-show cause. As the score is aware, there is a process for a rule-to-show cause. A petition for rule-to-show cause has to be filed. A rule-to-show cause has to be issued and properly served on the alleged contendor, and then there's got to be an evidentiary hearing. We submit that there was never any rules-to-show cause ever issued nor served on my client, nor was there ever actually a hearing given to my client with an opportunity to present witnesses to show why she should not be held in contempt of court. Therefore, it is our position that due process was violated. There was a motion for rule-to-show cause in this case, and then all remedies were reserved. The intermediate steps of the issuance and service of rule-to-show cause and an evidentiary hearing on the issue were never actually held. Consequently, my clients were not given an opportunity to defend themselves against the contempt. As a matter of fact, I do not believe the record reflects that my clients were ever formally held in contempt of court. The remedies were just reserved. Consequently, due process was violated. And at this point, that is all I have. If there are any questions, I will be glad to take them. Any questions? Thank you, Mr. Davis. Thank you, Your Honor. Mr. Rosenstein? May it please the Court? Mr. Rosenstein, you've got to speak up just a little, please. Thank you. This was an unusual case. On the 13th and 14th floor, you always see the landlord trying to take possession away from the tenant who has failed to pay rent. This case was kind of flipped on its head because from the very moment the case started, it was the tenant trying to get back into possession of the property. So to address the issue concerning jurisdiction, we are all in agreement. We have to decide, was the counterclaim germane to the action for a possession that was filed? We know that an order of possession may be coupled with a money judgment. So the concept of money being in the order of possession isn't by itself doesn't disqualify or mean that the court didn't have jurisdiction. And we know normally it is the landlord seeking pass-through rent, could be assessments if it's a condo association. And sometimes you might even see courts go further. They'll run to a warrant of attorney's fees. Not really directly related to the issue of possession, but it stems from the lease, and they probably don't want to send the cases out to the 11th floor and have that little tiny segment adjudicated there because there's some goal to have this all done in a somewhat efficient type of a manner. And there are cases that do. The impossible entry and detainer action is pretty much a summary proceeding. It's designed to be. You don't have discovery, and you don't do depositions, and you don't do all the things that you do in a civil suit for money damages. That is true, but there are certainly cases that have talked about the fact that since Jack Spring and since Spanish Court, they recognize that they've allowed it to become a little bit more than a summary proceeding. And there's some cases that have talked about do these other issues, are they going to cause additional discovery or additional complexity or something that's beyond what is actually germane to the possession issue? So let's talk about our case in particular. We filed a counterclaim that basically says let us back in to grant us possession and correct the harm that's been done to us. Judge Squid made clear to opposing counsel and myself that we're not going to have multiple rulings made that are inconsistent with one another. We've got to decide, which is the correct lease? What's the performance under it? And then depending on how that goes, what are the damages that flow from that? That third question, what are the damages that flow, that's what judges ask in a civil suit for money damages. In a forcible case, they ask, the third question is, so who's entitled to possession? Correct. So I think we're all in agreement he had the authority to rule who was entitled to possession, which was the correct lease, and hopefully it won't happen. But if for some reason the aspect of the damages is severed and sent to the 11th floor, we would expect res judicata applies so that we won't have to retry in front of a municipal division judge on the 11th floor the underlying issues. The issue of possession is determined in the forcible. Of course it's res judicata. The issue of possession cannot be relitigated. But I would say that there are, the concept that's always rent, we have to step back a tiny drop because in our case, I've never seen a case before, I text it all the time, where it's the tenant seeking the possession. So it was a little bit flipped on its head. And when the court ruled that the landlord had breached the lease and also violated the act by locking out this tenant, it was, I believe, I think the syndromes are related, connected, relevant, pertinent, tied to, it was germane in that sense for him to then state, and this is the consequence of the ruling that I just made, which is they're entitled to this relief. So I understand that different judges might have decided differently, and I understand from the public court's perspective he's got to make a clean call on the jurisdictional issue. But considering what had happened here, for the judge to then stop and say, but I'm not going to answer that last portion of the question, what's the effect of that? Because now we're going to have to send it down to the 11th floor to decide it. I can understand why you might have said that, but I don't think that it violated either the letter of the law under the act or the spirit. How did Judge Scrid answer the question? He looked at the tax returns, right? So that last part? He looked at the tax returns. Correct, on that last part of the question. He just had the tenants submit tax returns and said, okay, you're entitled to however much in lost profits. That is correct. Correct. There were two other aspects of the damages. To get back in for possession, let me back up. In December of 2016, after the plaintiff had represented that she had completed the work and it was discovered that there was no heat in the premises, he also entered an order that permitted the defendant to pay out of his own pocket to put heat in the premises so that he could reopen his business. That was a small aspect of the damages, too. And finally, there was an aspect regarding the attorney's fees, where we filed motions to the effect that the plaintiff was not following the court's orders, she should be sanctioned, the court agreed, and that this relief should be entered. Those are separate from the lost profits. I understand the court's point, which may be at that point, instead of asking for the tax returns or for that proof, he could have stated again, I'm severing this portion of the case, I'm not going to rule on it, have another judge take it over. I don't know if this is a justifiable answer, but the fact of the matter is that we have been into court on this forcible action a dozen times. All parties were frustrated by what had occurred. It's not an excuse for jurisdiction, but I believe that the court felt that it was reasonable to construe this as being germane and tied to. It was the exact same document, the exact same issue that led to the award. Counsel, what about the fact that the forcible entry and detainer statute provides that it's an action for possession and the landlord may seek rent? Are you asking us to give it a more expansive reading and to say when a tenant files a counterclaim for possession, he should also be entitled to his lost profits if it's a business? Is that your position? Because the statute's pretty clear, and we're kind of limited by the statute in most cases interpreting the statute. Well, it has been pointed out, as I mentioned earlier, and it has been mentioned in prior decisions, that there are monetary decisions that are made beyond rent. There are attorneys fees that are awarded sometimes significant amounts in forcible entry and detainer court. It's considered to be germane to the least because it's related to that issue. So if it's a strict construction and only rent or max-high-to-minimum assessments can be collected, then the court would have to state that there was no jurisdiction, and the court should have stopped nine-tenths of the way through, severed the damages portion, and resorted. But I believe that there's enough from the time J.X. Spoon came out and said, now we can start talking about money, and I know the statute was amended. And then in subsequent decisions, the court has stated that there are issues that can be addressed that are sufficiently germane. The only reason, I know it sounds odd, but it's because this case was flipped on its head that we had to deal with the damage issue that the defendant suffered because they were denied possession. It would be a bizarre circumstance for the plaintiff to violate the statute, engage in self-help, leave the defendant essentially destitute, and then say that the defendant has to fight a civil action to obtain the relief while it's prosecuting its improper action. I understand that the public court may decide that that's ‑‑ It doesn't happen as infrequently as you think. Oh. Landlords often engage in self-help. It's prohibited under the statute, but that doesn't, I don't think, expand the trial court's jurisdiction. Sure. Well, I would certainly state that how the court determines what is germane would be obviously your call. I'll note that it was in the dissent, but in the Spanish court, two kinds of association opinion, the court noted that in the dissent, we noted back in 1972 in Jack Spoon, the salutary trend toward determining the rights and liabilities of litigants in one rather than multiple proceedings. And it notes what it stated, does not escape us that the construction we have placed upon the act may interfere with the summary aspects of the remedy. I think that this might be the case that falls within the very small concept of allowing the jurisdiction to be properly exercised here. Obviously, I'll leave it to the court's discretion. But if the court enters into a rule that says the rule wasn't against the manifest of the evidence, but with respect to the damages entered on the lost profits, that was beyond the jurisdiction, I would respectfully request that the court clarify to the greatest extent possible that this judicata applies to it. That would be an advisory opinion. So when we go to the number four, I don't want to go back to square one. That would be an advisory opinion. Address the question. Fair enough. Fair enough. Well, in the very least, I'm going to add it this way. I read that the motion dismisses. It's not that it should have been granted. It should have been, because we paid our fee for the counterclaim. The relief should be at most, if it gets remanded, that the damages portion of what is due under the counterclaim, that should be severed and sent to the municipal court rather than being consistently filed. I would like you to move on to our due process issue here on the contempt. Okay. So we've got, with respect to the attorney fee awards that were entered, I believe that the court had the power to enter sanctions to that effect. The order entered on March 16th granted defendant his repair costs and attorney's fees. Where's the middle step where there's a petition for a rule of show cause. The court then considers that at a hearing, which it says, yes, I think a rule of show cause should issue against the landlord. And so you are to appear and show cause why you should not be held in indirect civil, indirect criminal contempt. We're not clear on that. And then we set that down for hearing. You have a hearing on the petition. And so I don't think anybody's suggesting that the court didn't have the authority to enforce its orders by contempt. It's just that it went from step one to step four. So I would make, I would comment on that as follows. The reason the motions for rule of show cause were entered were to get the plaintiff to comply with the court's prior orders, which was the goal from the outset of the case. The court had the authority, independent of their being entered in order of indirect civil contempt, the court had the authority to sanction the plaintiff for refusing to obey its orders. Without contempt? I'm just going to sanction you for not obeying my orders? I sued in discovery cases. That's not what the tenant asked for. The tenant asked for a rule of show cause. Did they make them pay my attorney's fees because they didn't do what you said you told them to do? The defendant filed a fee petition that requested recovery of its fees in order that were incurred to enforce the orders that were entered by this court. That was filed on February 16th of 2017. The court, in entering a judgment in favor of the defendant, awarded such relief. So the court, this court, could affirm the trial court on the basis that it had the right to grant the fee petition as part of the trial that occurred on the notes. So independent of whether there was a contempt finding, which there wasn't an independent hearing. We only had the trial. The court could find that that is sufficiently germane or independent of that, that there was a violation of its orders. The court could say that I'm going to, these fees were incurred to enforce the orders and you've got to reimburse them for the cost to put in the heat and for the attorney's fees. Both the fee petition and the, well, and then the entry of the order regarding the attorney's fees was entered on April 20th as part of the final judgment. And the supplemental award of attorney's fees was entered on, it was entered in May. I don't have the date here, but the court could affirm the judge, I mean, this court could affirm the trial court on the basis that he had the right to enter such relief without there having been a finding of contempt. The goal of the contempt, as I said before, was never to have her put into jail or incarcerated. We were both sides, a counsel, plaintiff and counsel, were defending. And the court were just trying to get the plaintiff to take seriously the orders of the court. So we would ask that this court affirm the order regarding the reimbursement of the heat and repair costs and the attorney's fees, on the grounds that the court had the right to enter such orders because these orders were not complied with, independent of the jurisdiction issue. And on the loss of profits to either affirm the award or in the alternative sever that aspect of the case for either, I guess it would be a proof of hearing or something of that nature in municipal division on the 11th floor. Thank you. Thank you, Mr. Sorens. Mr. Dada, brief rebuttal. Thank you, Your Honor. As you said, I will be brief. I believe counsel inadvertently supported my argument concerning jurisdiction when he stated that the claim for lost profits was not directly related to the claim for possession. As I previously mentioned, the statute needs to be strictly construed because it's in derogation of the common law. And the court sitting under the Forcible Entry and Detainer Act is a court of special and limited jurisdiction. Finally, as far as the due process issue goes, no one is saying that the court doesn't have authority to impose sanctions or impose attorney's fees for violations of its court orders. The issue is there's got to be a procedure that's got to be followed before that. There has to be the rule that shall cause to be issued, served, and there has to be an evidentiary hearing. But I think what Mr. Rosenson is saying is that even without a petition for a rule to show cause, if a trial court issues an order, the party doesn't comply with the order, the court has authority even beyond contempt to say, you know what, you didn't comply with my order. The other side incurred attorney's fees getting you to comply, whether it was contemptuous or not, and I can reimburse them their attorney's fees. I respectfully disagree with that contention because my client is still entitled to due process and to show why she did not comply with that order. There's still got to be a hearing to determine whether hypothetically saying whether the order, generally speaking I should say, couldn't be complied with or there's something preventing her from complying with the order. There's still got to be minimal due process. It's not the same due process as in a criminal contempt proceedings, but my client is still entitled to due process, including an evidentiary hearing before such sanctions are imposed. As for the fee petition, the fee petition should be the last step in a contempt proceeding, not second or even third. The fee petition should come after a finding, after a rule that shall cause this issue to disturb, after a finding and after a finding of contempt. We certainly don't contend that after a contempt proceeding there's no authority to impose attorney's fees. There's ample authority that would take our entire day to cite. So you would concede that we could remand to the trial court and say do it right? Yes, Your Honor. We do concede that this appellate court could remand back to the trial court and basically say hold an evidentiary hearing and go from there. So once you get your due process, you'll accept the decision made by the court? I can't say. I certainly can't predict how the proceedings would go at this point, but generally speaking, yes. Assuming due process is comported with, we would accept the findings of the trial court. Anything further? No, Your Honor. At this point, we simply request that we award the relief that is requested in our brief, and we thank you for your time. Thank you. I would like to thank the attorneys for their briefs, their arguments. We don't often hear forcible entry in detainment cases. As Mr. Sorensen has pointed out, this one is just a little different. This matter is going to be taken under advisement, and this court stands in recess.